[Civ. No. 16902.   Second Dist., Div. One.   Nov. 23, 1949.]

OLORENZA A. BOYER, Appellant, v. SARAH F. WOODALL, Respondent.

Jones & Hoyt and George A. Elstein for Appellant.

Harold L. Green for Respondent.

DORAN, J.—The complaint herein is for ejectment to recover possession of certain real estate located in the city of Los Angeles, and alleges that the respondent had defaulted in the making of payments required under an agreement to purchase the real estate dated August 30, 1945, for which reason respondent's rights as purchaser had terminated. Respondent's answer sets up a previous contract dated May 10, 1944, amended about April 9, 1945, and alleges that the contract of August 30, 1945, was without consideration, and that respondent was in possession under the previous contract as amended. The answer prays that the court adjudicate respondent's rights, determine the amount due and permit respondent a reasonable time to make the defaulted payments.

The facts, as found by the trial court and supported by the record, may be summarized as follows. Charles A. Bank, an attorney at law and the original plaintiff, owned a three-tenths interest in the property, holding the remainder as trustee for other persons. After defaults by respondent in respect to payments called for in the original purchase contract of May 10, 1944, an action to recover possession was commenced by Attorney Bank, in propria persona, followed by a reinstatement agreement and amended contract dated April 9, 1945.

This amended contract was in turn followed by an ejectment action by Bank, in propria persona. While the latter action was pending respondent called at Bank's office and was advised by the attorney-plaintiff, as testified to by respondent, "that I was all washed up, I had forfeited all my right and title, there was nothing left but to go out. . . . Finally, when he saw how badly I felt, he said he would accept the money under one consideration, if I would pay the contract up to date, in full, and give him the privilege of making a new contract, adding a thousand dollars to the contract, paying him $250 for a title fee, and monthly payments." The attorney prepared such a contract which described the $250 as for attorney fees, mailed it to respondent who signed the same and returned it in person to Attorney Bank. Respondent was not then represented by an attorney. Bank thereafter filed the present action in ejectment, based upon respondent's alleged default in performance of the last contract.

The trial court found, among other things, that the provision in the final contract of August 30, 1945, by which respondent promised to pay Charles A. Bank the sum of $250 as attorney fees ''was and is null and void and entirely lacking in consideration, but that said agreement to pay attorney fees was severable from the remainder of said contract and does not vitiate the same''; that otherwise said contract was in full force and effect at the time of filing the present action, and was supported by sufficient consideration. The court further determined that ''at the date of filing of the Complaint herein, defendant Sarah F. Woodall, as buyer, had paid . . . all sums due and owing,'' and ''That plaintiff is not entitled to judgment for possession of said real estate'' except as later specified in the conclusions of law.

In addition to the above, the trial court concluded that the respondent was entitled to an interlocutory judgment adjudging that if respondent within 30 days paid or tendered to appellant the sum of $3,660.62, with interest, and a further sum of $432 for taxes, and should deliver a promissory note for $7,500, the balance due on the purchase price, respondent ''shall be entitled to a deed granting and conveying said real estate . . . to her, free and clear of incumbrances'' with the exception of deed of trust; that should respondent fail to make such payment or tender within 30 days, then appellant was entitled to the possession of said real estate. Judgment was entered accordingly; respondent thereafter made the required tender which was refused by the appellant. Appellant's motion for a new trial was denied; there was likewise a denial of a motion to set aside the interlocutory judgment and to enter judgment for appellant on the ground that at the time of the tender appellant did not know the legal status of the property or of the existence of certain alleged liens or judgments against the respondent.

Appellant's brief presents the following points: (I) ''The court erred in holding that the provision . . . for the payment of $250.00 (for attorney fees) was lacking in consideration and null and void''; (II) the court erred in finding that the respondent was not delinquent in her payments; (III) the court erred in its conclusions of law that appellant was not entitled to judgment for possession, and that respondent had paid all sums due; (IV) the court erred in decreeing that upon payment or tender being made of the amount found due, the plaintiff should convey the property

to respondent free and clear except as to the deed of trust hereinbefore mentioned.

The specifications of error urged by the appellant are without merit. The general purport of the contentions is that, under the view of the evidence taken by appellant, the trial court should have rendered judgment against the respondent. It is well understood, however, that an appellate court will not reverse a judgment on this ground where the record discloses substantial evidence in support of the judgment rendered. This is the situation presented by the record in the instant appeal.

In reference to the finding that the agreement to pay original plaintiff, Charles A. Bank, an attorney at law but acting in propria persona, an attorney fee of $250 in addition to a further sum of $1,000, for reinstatement of respondent's rights as purchaser, the record reveals that Attorney Bank, when interrogated by the trial judge, stated, "I don't think I can state I rendered any services directly for Mrs. Woodall (the respondent)." Bank further testified, as noted in respondent's brief, "that he was not out of pocket any money for attorney fees; that he did not engage any outside counsel and that there was but one account existing between respondent and him, namely, the account for the purchase of the property in question." The only testimony received at the trial was that of Charles A. Bank and of the respondent, Mrs. Woodall. In view of this and other evidence, it cannot be said that the finding was without evidentiary support.

What has been said in reference to appellant's first point is likewise applicable to the contention in point II that the trial court erred in finding that respondent was not delinquent, and to the appellant's other contentions that the judgment was unjustified and that appellant should have been adjudged possession of the property involved herein.

Appellant's final contention that the trial court exceeded its jurisdiction in decreeing that upon payment of a determined amount and the execution of a deed of trust, appellant should convey the property to respondent free and clear of other encumbrances, is without merit. As respondent's brief points out, "the trial court was merely enforcing the terms of the contract," which provided that if the "Buyer shall reduce the unpaid principal balance of the purchase price to the sum of at least Seven Thousand Five Hundred Dollars ($7,500.00) Buyer shall be entitled to receive deed . . . subject to execution of . . . deed of trust," etc.

Respondent's brief further comments on the fact that several lawsuits had already been pending in reference to the transaction, and that ''Equity having once obtained jurisdiction of a cause will dispose of the entire controversy, not only to avoid a multiplicity of suits but also to make the Court's decree safe to obey,'' a principle particularly applicable to the present controversy.

The judgment is affirmed; the order denying plaintiff's motion for judgment is affirmed; appeal from order denying a new trial is dismissed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied December 13, 1949.